RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/23/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADRIAN RILEY | CIVIL ACTION NO. 1:11CV1977 |
| VERSUS | JUDGE DRELL |
| WARDEN MARTINEZ, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a *pro se* civil rights complaint filed by Plaintiff Adrian Riley pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons. At the time of filing, he was incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He complains that his rights were violated under the Eighth Amendment in that he was denied medical attention and subjected to excessive force.

### *Factual Allegations*

Plaintiff claims that his Eighth Amendment rights were violated by exposure to chemical agent that was sprayed at other inmates and by the denial of medical care following the exposure. He alleges that on October 8, 2011, Correctional Officer Zaharis sprayed a potent pepper spray into cell 105 of the special housing unit (SHU). Plaintiff was confined in cell 104 of the SHU, and he

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

"became overwhelmed" by the pepper spray. [Doc. #1, p.1-2] Later that night, the officer sprayed pepper spray in cell 114 of the SHU. Once again, Plaintiff - in cell 104 - was overwhelmed from the spray. He began to cough, gag, and tear up; saliva dripped from his mouth, and he saw "spots of light." Plaintiff requested medical attention, but Lt. Zaharis refused to call the medical personnel. [Doc. #1, p.2] Zaharis also refused to find a fan to put in the hallway to blow the pepper spray out of the area.

Plaintiff seeks an injunction ordering the defendant to discontinue the use of pepper spray on any inmate when there are other inmates in cells on the same range of the SHU. He also seeks one hundred twenty thousand ($120,000.00) dollars in compensatory damages.

### *Law and Analysis*

Plaintiff claims that his rights were violated under the Eighth Amendment in that he was subjected to excessive force and was denied medical attention.

**A. Excessive Force**

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is... whether force was

applied ***in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.***" Hudson 503 U.S. at 7 (emphasis added). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See Whitley, 475 U.S. at 327. That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. Hudson, 503 U.S. at 9 (citations omitted). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" Id. (citations omitted).

The incident complained of in this case occurred while Plaintiff was being housed in the Special Housing Unit. The "force" (ie., spraying of pepper spray) applied was not directed at Plaintiff. The use of pepper spray was clearly to maintain or restore discipline of other inmates in the SHU. Any effects suffered by Plaintiff were *de minimis,* not repugnant.

**B. Denial of Medical Care**

Plaintiff complains that, after exposure to the residual pepper spray, he "called out to the officers" that he needed medical care, but "no one came." [Doc. #6] In order to state a claim for the denial of medical care, a plaintiff must allege that,

3

objectively, he was exposed to a **substantial risk of serious harm**, and that jail officials acted or failed to act with **deliberate indifference** to that risk. See <u>Victoria W. v. Larpenter</u>, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* <u>Lawson v. Dallas County</u>, 286 F.3d 257, 262 (5th Cir. 2002). This requires actual knowledge and deliberate disregard. <u>Id.</u>

Plaintiff has not presented allegations of deliberate indifference. Plaintiff has not alleged that the officials intended to cause harm to him by spraying pepper spray at another inmate. Additionally, Plaintiff has failed to identify a substantial risk of serious harm by being exposed to pepper spray from another cell.

**C.   Injury**

Finally, Plaintiff cannot meet the physical injury requirement of either the Prison Litigation Reform Act (PLRA) or the Eighth Amendment. Under the PLRA, no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. <u>See</u> 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff has not alleged

any more than *de minimis* injuries.

### D. Injunctive Relief

Plaintiff asks the Court to order USP-P to cease the use of pepper spray or order that the officers remove an inmate from the range prior to administering pepper spray. First, injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 808 (5th Cir. 1989), appeal after remand, 915 F.2d 1567 (5th Cir.1990). Except in extreme circumstances, the federal courts are reluctant to interfere with matters of prison administration and management. See Young v. Wainwright, 449 F.2d 338, 339 (5th Cir. 1971). Plaintiff has shown no exceptional or extreme circumstance that would warrant injunctive relief of any kind.

### *Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

5

have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of May, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE